UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILFRED MONDESTIN,

       Plaintiff,
vs.

CITIBANK, N.A.,

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Wilfred Mondestin ("Mr. Mondestin"), by and through undersigned counsel, and brings this action against Defendant, Citibank, N.A. ("Defendant"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA"), and Florida Statutes §§ 559.55-559.785, more commonly known as the "Florida Consumer Collection Practices Act" (the "FCCPA").

2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

3. The FCCPA prevent debt collectors and persons, respectively, from engaging in

*FD-2519*

abusive, deceptive, and unfair collection practices.

4. Mr. Mondestin alleges that Defendant has unlawfully called his cellular telephone in an attempt to collect an alleged debt from him in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief, as well as statutory damages, actual damages, attorneys' fees, and costs, in accordance with the aforementioned statutes, where applicable.

## JURISDICTION

5. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Mr. Mondestin resides in the Southern District and Defendant does business and placed phone calls to Mr. Mondestin in this District.

## PARTIES

8. At all times relevant to this Complaint, Defendant, was and is a national banking association organized under the National Bank Act and operates pursuant to a certificate of authority issued by the Comptroller of the Currency. Defendant has its principal place of business in Sioux Falls, South Dakota.

9. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute § 1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

10. At all times relevant to this Complaint, Defendant regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

11. At all times relevant to this Complaint, Defendant was acting as a debt collector with respect to the collection of Mr. Mondestin's alleged debt.

12. At all times relevant to this Complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

13. At all times relevant to this Complaint, Mr. Mondestin, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(2), and/or a person with standing to bring a claim under the FCCPA and the TCPA by virtue of being directly affected by Defendant's violations of these consumer protection laws.

14. At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statute § 559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

15. Defendant sought to collect a debt from Mr. Mondestin arising from an allegedly unpaid Home Depot credit card account (the "Debt") incurred by Mr. Mondestin for personal, family, or household purposes.

16. Upon information and belief, Defendant, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Mr. Mondestin by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (954) XXX-5032.

17. Mr. Mondestin is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant called.

*FD-2519*

18. Upon answering any of these calls, Mr. Mondestin would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while Defendant's automated dialing system attempted to connect the telephone call to a live employee.

19. Mr. Mondestin began receiving calls prior to January of 2016 and soon became exhausted by their frequency.

20. These calls originated from various numbers including, but not limited to, 877-437-1985.

21. Defendant called Mr. Mondestin dozens of times in a campaign designed to apply maximum psychological stress with the aim of pressuring him into paying the Debt. Defendant's calling campaign included multiple calls a day and/or calls on back-to-back days.  A sampling of Defendant's campaign include, but are not limited to, calls placed on:

   a. January 16, 2016 at 9:00 a.m.

   b. January 20, 2016 at 9:06 a.m.

   c. January 25, 2016 at 9:30 a.m.

22. Upon information and belief, Defendant's calls were attempts to collect the Debt and served its general business purposes.  Plaintiff never authorized Defendant to call his cellular telephone for its general business purposes.

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

24. Mr. Mondestin was damaged by these illegal calls.  His privacy was improperly invaded, his peace was disturbed, his cellular telephone's battery and memory were taxed, his cellular telephone line was tied-up, and he was forced to spend time tending to unwanted calls.

25. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, FDCPA and FCCPA, yet still continued to use them and therefore willfully or knowingly violated the TCPA.

## COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES § 559.72(7)

26. Mr. Mondestin repeats, realleges and incorporates by reference herein paragraphs 1 through 25.

27. Florida Statutes § 559.72(7) states in pertinent part:

"In collecting debts, no person shall…

**(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.**

28. Defendant has on many occasions called Mr. Mondestin by telephone directly, multiple times a day, attempting to collect the debt. Mr. Mondestin received calls from Defendant while he was attending church services, working, and at home late at night attempting to rest.

29. By virtue of being disturbed by debt collection calls Defendant made to his cellular phone multiple times a day, Mr. Mondestin has been harassed and these calls have caused unnecessary strain and burden upon Mr. Mondestin and his family.

30. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, thereby knowingly violated Florida Statutes §559.72(7).

31. As a direct and proximate result of the violation of the FCCPA by Defendant, Mr. Mondestin has been damaged. Defendant's calling campaign harmed Mr. Mondestin by (1) trespassing upon and interfering with his rights and interests in access to his cellular telephone; (2) trespassing upon and interfering with his rights and interests in access to his cellular

telephone line; (3) intruding upon his seclusion; (4) wasting his time; (5) depleting the battery life on his cellular telephone; (6) using memory storage space in his cellular telephone; and (7) causing him aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

32. Mr. Mondestin has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorneys' fee.

33. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Mr. Mondestin is entitled to recovery for actual damages, statutory damages of up to $1,000.00, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff, Wilfred Mondestin, respectfully prays that judgment be entered against Defendant, Citibank, N.A., for actual damages, statutory damages, along with costs and reasonable attorneys' fees pursuant to Florida Statutes § 559.77(2), and for such other and further relief as justice may require.

## COUNT II - VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

34. Mr. Mondestin repeats, realleges and incorporates by reference herein paragraphs 1 through 25.

35. Florida Statutes §559.72(9) states:

"In collecting consumer debts, no person shall:

**(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.**

Florida Statutes §559.72(7).

36. To state a claim for violation under § 559.72(9) of the FCCPA, it must be alleged that the defendant asserted a legal right that did not exist and that the defendant had actual

*FD-2519*

knowledge that the right did not exist. *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167 at * 9 (S.D. Fla. Aug. 13, 2009). An allegation that an attempt to collect a debt in violation of state or federal law is sufficient to state a claim that defendant asserted a legal right that did not exist. *Brook v. Suncoast Schools, FCU*, 2012 WL 6059199 at * 3 (M.D. Fla. Dec. 6, 2012) (motion to dismiss denied where plaintiffs alleged that defendant asserted a legal right that did not exist when it attempted to collect a debt in violation of the Florida Deceptive and Unfair Trade Practices Act and the TCPA).

37. As set forth in paragraphs 8 through 25 above, Defendant has on dozens of occasions called Mr. Mondestin's cellular telephone in violation of the TCPA's prohibition on auto-dialing cellphones without prior express consent.

38. Defendant's calling campaign also constitutes a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, which prohibits use of "unfair or deceptive acts or practices in the conduct of any trade or commerce."

39. By attempting to collected a debt in violation of the TCPA and FDUTPA, Defendant, through its agents, representatives and/or employees acting within the scope of their authority, asserted a legal right that did not exist in violation of Florida Statutes §559.72(9)

40. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. Defendant's phone calls harmed Mr. Mondestin by (1) trespassing upon and interfering with his rights and interests in access to his cellular telephone; (2) trespassing upon and interfering with his rights and interests in access to his cellular telephone line; (3) intruding upon his seclusion; (4) wasting his time; (5) depleting the battery life on his cellular telephone; (6) using memory storage space in his cellular telephone; and (7) causing him aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted

stress and loss of enjoyment of life.

41. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, statutory damages, along with costs and reasonable attorneys' fees pursuant to Florida Statutes § 559.77(2), and for such other and further relief as justice may require.

### **COUNT III- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)**

42. Mr. Mondestin repeats, realleges and incorporates by reference herein paragraphs 1 through 25.

43. Defendant placed many non-emergency calls, including but not limited to the calls referenced above, to Mr. Mondestin's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227(b)(1)(A)(iii).

44. These calls bore telltale signs of an automated call, such as an obviously artificial voice, a message asking the consumer to press one of several keys, or a noticeable gap between picking up the call and a human being coming on the line.

45. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone using an automatic telephone dialing system without the called party's prior express consent.

46. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

47. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls

*FD-2519*

as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

48. Defendant's method of contacting Mr. Mondestin is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

49. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

50. In sum, Defendant made telephone calls to Mondestin's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Mr. Mondestin.

51. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii) by knowingly calling Mr. Mondestin's cellular telephone without prior express consent.

52. Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need

not know that his action or inaction constitutes a violation." *In re Dynasty Mortg., L.L.C.*, 22 F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

53.     As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged.

54.     Defendant's phone calls harmed Mr. Mondestin by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

55.     Defendant's phone calls harmed Mr. Mondestin by trespassing upon and interfering with his rights and interests in access to his cellular telephone.

56.     Defendant's phone calls harmed Mr. Mondestin by trespassing upon and interfering with his rights and interests in access to his cellular telephone line.

57.     Defendant's phone calls harmed Mr. Mondestin by intruding upon his seclusion.

58.     Defendant's phone calls harmed Mr. Mondestin by wasting his time.

59.     Defendant's phone calls harmed Mr. Mondestin by depleting the battery life on his cellular telephone.

60.     Defendant's phone calls harmed Mr. Mondestin by consuming memory storage space in his cellular telephone.

61.     Defendant's phone calls harmed Mr. Mondestin by causing him emotional distress in the form of aggravation, humiliation, embarrassment, anxiety, anguish, depression and loss of enjoyment of life.

62.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq*, Mr. Mondestin is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63.     Mr. Mondestin is entitled to injunctive relief prohibiting Defendant from contacting him on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant CITIBANK, N.A. for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, Wilfred Mondestin, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ _____
George Andrews, Esq.
Florida Bar Number: 15885
E-mail:    george@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786

*FD-2519*